UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| GEMINI PROPERTY MANAGEMENT, LLC as special agent for Gemini Diamond Run LLCs,   Plaintiff,   v.   ELIAS HAJJ,   Defendant. | :<br>:<br>:<br>:<br>:<br>:  File No. 1:10-cv–256-jgm<br>:<br>:<br>:<br>:<br>: |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS
(Docs. 9, 16)

I.   Introduction

Plaintiff Gemini Property Management, LLC (GPM), brings this diversity action against Elias Hajj (Hajj) as special agent for 36 limited liability companies with which GPM has a Property Management Agreement.  See Am. Compl., Doc. 8.  GPM seeks to recover $297,514.58 for rent due which Hajj is allegedly obliged to pay under a Guaranty.  Id. at 5.  Hajj moves to dismiss the complaint.  (Doc. 9.)  GPM opposes the motion (Doc. 12) and also moves for leave to file a surreply, or, in the alternative, for oral argument (Doc. 16).

II.   Background[1]

Facts alleged in the complaint are assumed to be true for the purpose of analyzing a motion to dismiss.  In August 2007, a group of limited liability companies (the Gemini Diamond Run LLCs) purchased the Diamond Run Mall, in Rutland, Vermont.  The former owner of the mall had leased space to ET Sports, Inc. (ET Sports).  Hajj, President of ET Sports, personally signed a Guaranty guaranteeing the former owner, as Landlord, payment of all amounts due under the lease for 24

---

[1] Unless otherwise indicated, the facts in this section are gleaned from the Amended Complaint (Doc. 8).

months.  (Doc. 8-2 at 1-2.)  Just prior to the sale to the Gemini Diamond Run, LLCs, the former owner of the mall, ET Sports, and Hajj executed an Amendment to Lease which provided the lease "shall be binding upon and inure to the benefit of the parties hereto and their representatives, successors, and, to the extent permitted by the terms of the Lease, their assignees."  (Doc. 8-3 at 3.)  The Lease contains no limitation of the Landlord's right to assign its interests under the Lease.

On August 15, 2007, the former owner assigned by Bill of Sale and Blanket Assignment, all its right, title, interest and obligations as Landlord under the Lease with ET Sports to the Gemini Diamond Run LLCs.  The Gemini Diamond Run LLCs entered a Property Management Agreement[2] (PMA) with GPM requiring GPM to "manage, operate and maintain the [Diamond Run Mall] in an efficient, economic and satisfactory manner."  (Doc. 8 ¶ 21 at 5; Doc. 12-1 ¶ 2.2 at 1.)

ET Sports, when it made rent payments, paid them to GPM.  In April 2009, however, ET Sports filed for bankruptcy.  GPM brings this suit to recover from Hajj, under the terms of the Guaranty, the amounts due under the first 24 months of the Lease: $297,514.48.

III.   Discussion

Defendant Hajj moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) arguing GPM is not the proper party to bring the action because it is not the real party in interest as required by Federal Rule of Civil Procedure 17(a)(1).  (Doc. 9.)

The purpose of Rule 17 is "to prevent the defendant from being subject to the threat of double liability," Macmillan, Inc. v. Fed. Ins. Co., 741 F. Supp. 1079, 1085 (S.D.N.Y. 1990); "not to

---

[2] In considering a motion to dismiss for failure to state a claim, a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).  The PMA was not attached to or incorporated by reference in the complaint, however, it is integral to the complaint.  A court may consider a document not attached or incorporated by reference where the complaint "relies heavily upon its terms and effect," thereby rendering the document "integral" to the complaint.  Id. at 152-53.  Accordingly, the Court considers the PMA which was submitted by GMP with its opposition.

prevent a consolidation of individual claims." Klamath-Lake Pharma. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1282 (9th Cir. 1983). Accordingly, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). This rule gives a plaintiff the opportunity to correct any real-party-in-interest deficiency before the action is dismissed.

A motion to dismiss tests the legal rather than the factual sufficiency of a complaint. See, e.g., Sims v. Ortiz, 230 F.3d 14, 20 (2d Cir. 2000). The Court accepts all well-pleaded facts as true and considers those facts in the light most favorable to the plaintiff, see Patane v. Clark, 508 F.3d 106, 111 (2d Cir. 2007), drawing all reasonable inferences in favor of the plaintiff, Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995).

At this stage of the litigation, the Court will not dismiss the Amended Complaint. GPM alleges the rent was owed to GPM and, under the Guaranty, Hajj is liable for the amounts due to the "Landlord, its legal representatives, successor and assigns." (Doc. 8 at 5.) The Gemini Diamond Run LLCs together are the successor and assignee of "Landlord." GPM brings this action as the special agent of each of the Gemini Diamond Run LLCs and the PMA states GPM "shall bill all tenants and shall use its commercially reasonable efforts to collect all rent and other charges due and payable from any tenant." (Doc. 12-1 ¶ 2.7 at 4.) Each limited liability company with an alleged interest in the rent due is named in the caption.

Further, a number of the Gemini Diamond Run LLCs have signed "Reaffirmations of Agency," filed with the Court, that purport to "clarify and define the authority of [GPM] to act on behalf of [the limited liability companies] under the PMA and specifically the prosecution of the claims against Elias Hajj . . . [in] Civil Action No. 1:10-cv-256." See Doc.12-2. In these

circumstances, considering the facts in the light most favorable to and drawing all reasonable inferences in favor of GPM, the Court will not dismiss the Amended Complaint.

To assure the purpose of Rule 17 – avoidance of double recovery – is satisfied, however, the Court requires ratification of the action by each limited liability company with an alleged interest in the action.  Twenty-four "Reaffirmations of Agency" have been filed, see Doc. 12-2, and three more purportedly signed, see Doc. 16-2 at 2 (though the surreply states they were attached, they were not).  The remaining limited liability companies shall file a reaffirmation by July 22, 2011.

IV.     Conclusion

The Court denies Defendant Hajj's motion to dismiss the Amended Complaint (Doc. 9). GPM's motion for leave to file a surreply (Doc. 16) is granted.  GPM shall file the Reaffirmations of Agency that were supposed to be attached to it, and the additional reaffirmations of the remaining limited liability companies by July 22, 2011.

    SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of June, 2011.

/s/ J. Garvan Murthа
Honorable J. Garvan Murtha
District Judge